CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 0 3 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Fay Coleman
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |
|---|---|
| MELODY JOY TYREE,<br>            *Plaintiff,*<br>v.<br>WAL-MART STORES EAST, INC.,<br>*d/b/a Wal-Mart,*<br>            *Defendant.* | CIVIL NO. 6:08CV00038<br><br>**MEMORANDUM OPINION**<br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court on Defendant Wal-Mart's Motion for Summary Judgment (docket no. 15) and Plaintiff Melody Tyree's Motion to Dismiss Without Prejudice (docket no. 21). For the reasons set forth below, Tyree's Motion will be denied and Wal-Mart's Motion will be granted in a separate Order to follow.

### I. BACKGROUND

  On October 6, 2008, Tyree filed a negligence suit against Wal-Mart in Amherst County Circuit Court, alleging "serious and permanent injuries" as a result of an accident that occurred in the Madison Heights, Virginia Wal-Mart store on June 30, 2007. Wal-Mart removed the case to this Court on November 3, 2008. An Amended Pretrial Order setting forth relevant discovery deadlines was entered by U.S. Magistrate Judge Michael Urbanski on February 19, 2009. On July 31, 2009 – the deadline for the completion of discovery under the Amended Order – Wal-Mart filed its Motion for Summary Judgment. In the Motion, Wal-Mart argues that there is no genuine dispute that it lacked actual and constructive notice of the puddle that Tyree allegedly slipped in at the Madison Heights store. On August 14, 2009 – the deadline for Tyree's response under the Pretrial Order – Tyree filed a Motion for Extension of Time, which the Court granted.

On August 21, 2009 – the new deadline approved by the Court – instead of filing a substantive response to Wal-Mart's Motion, Tyree filed the Motion to Dismiss Without Prejudice. Acknowledging that Wal-Mart "accurately stated the facts in this case in its Motion for Summary Judgment," Tyree requests that the Court approve a voluntary dismissal without prejudice. Wal-Mart opposes Tyree's Motion on the grounds that voluntary dismissal after the conclusion of discovery would be inconvenient and prejudicial. At a motions hearing on September 1, 2009, counsel for Tyree admitted that he was unable to oppose Wal-Mart's Motion for Summary Judgment on the negligence claim based on the witnesses who were deposed during discovery and was seeking voluntary dismissal in hopes that an unknown Wal-Mart employee might come forward at some point in the future and provide testimony that would create a genuine issue as to whether Wal-Mart had actual or constructive notice of the spill that caused Tyree's injury.

## II. Motion to Dismiss Without Prejudice

Federal Rule of Civil Procedure 41(a)(2) permits a court to dismiss an action on the plaintiff's motion "upon such terms and conditions as the court deems proper."[1] Fed. R. Civ. P. 41(a)(2). The purpose of the Rule is "to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citations omitted). When deciding a motion to dismiss without prejudice under Rule 41(a), "a district court should consider factors such as 'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as the present stage of litigation."

---

[1] Rule 41(a)(1) permits a voluntary dismissal without order of the court by the filing of either: (1) a notice of dismissal by the plaintiff "before the opposing party serves either an answer or a motion for summary judgment," or (2) "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). Since neither

2

*Miller v. Terramite Corp.*, 114 Fed. Appx. 536, 540 (4th Cir. 2004) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)). The Fourth Circuit has held, on multiple occasions, "that a district court does not abuse its discretion by denying a motion for voluntary dismissal if the case has advanced to the summary judgment stage and the parties have incurred substantial costs in discovery." *Howard v. Inova Health Care Servs.*, 302 Fed. Appx. 166, 179 (4th Cir. 2008) (citations omitted). Furthermore, the granting of a motion for voluntary dismissal is not required to allow a party to "avoid an adverse ruling in federal court." *Id.* at 180 (quoting *Skinner v. First Am. Bank*, 64 F.3d 659, *2-3 (4th Cir. 1995)).

Applying the above standard to this case, Tyree's Motion should be denied. This case has been pending in this Court for approximately nine months, during which Wal-Mart has expended significant time and resources in conducting discovery, obtaining medical documentation and opinions, and preparing its summary judgment materials and case for trial. Furthermore, Tyree filed her Motion three weeks after Wal-Mart's Motion for Summary Judgment and the close of discovery, and within two months of the trial date. Finally, counsel for Tyree has offered no explanation for the grounds for the voluntary dismissal, other than his hope that another Wal-Mart employee might come forward to help Tyree's case in the future. Because avoiding an adverse ruling in federal court is a clearly insufficient reason for a voluntary dismissal, and because Wal-Mart would be significantly prejudiced were this case dismissed without prejudice at this juncture, I will deny Tyree's Motion in a separate Order to follow.

### III. MOTION FOR SUMMARY JUDGMENT

#### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a court should grant summary

---

condition is satisfied in this case, the Court's approval is required.

judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In order to preclude summary judgment, the dispute about a material fact must be "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 250. A court should grant a motion for summary judgment if, after adequate time for discovery, the nonmoving party fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

## B. ACTUAL OR CONSTRUCTIVE NOTICE

Under Virginia law, "an owner or occupier of real property owes to an invitee the duty to exercise reasonable care to make the premises safe" but "is not an *insurer* of the safety of the premises." *Gauldin v. Virginia Winn-Dixie, Inc.*, 370 F.2d 167, 169 (4th Cir. 1966) (emphasis in original). If an invitee is injured because of some substance or object on the floor of the premises, the owner or occupier is only liable if "it can be shown that he had actual knowledge of the presence thereof or that in the exercise of reasonable care he should have known of its presence and failed in his duty to remove it." *Id. See also Shiflett v. M. Timberlake, Inc.*, 205 Va. 406, 137 S.E.2d 908 (1964); *Colonial Stores, Inc. v. Pulley*, 203 Va. 525, 125 S.E.2d 188 (1962). The invitee has the burden of proving negligence by a preponderance of the evidence and

4

Case 6:08-cv-00038-NKM-mfu   Document 25   Filed 09/03/09   Page 4 of 5   Pageid#: 340

therefore must "show that the owner or occupant either knew, or should have known by the exercise of reasonable care and diligence, of a defect or unsafe condition." *Gauldin*, 370 F.2d at 169. *See also Safeway Stores, Inc. v. Tolson*, 203 Va. 13, 121 S.E.2d 751 (1961).

The discovery materials on file show that there is no genuine dispute that Wal-Mart lacked actual or constructive notice of the unsafe condition at the Madison Heights store that allegedly caused Tyree's injury. Tyree has not offered, and cannot offer, any evidence that would support the existence of actual or constructive notice. Counsel for Tyree has acknowledged this very fact: stating in the Motion to Dismiss that Wal-Mart "has accurately stated the facts in this case in its Motion for Summary Judgment" and stating at the hearing that Tyree is currently unable to provide an substantive opposition to Wal-Mart's argument based on the discovery materials currently on file. Accordingly, Wal-Mart's Motion for Summary Judgment will be granted in a separate Order to follow.

### IV. CONCLUSION

For the reasons stated above, I will grant Wal-Mart's Motion for Summary Judgment and deny Tyree's Motion to Dismiss Without Prejudice in a separate Order to follow. The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

It is so **ORDERED**.

Entered this 3rd day of September, 2009.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE